UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VICKY MONROE-RICKS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-03060 (UNA) |
| | ) | |
| | ) | |
| DC SUPERIOR COURT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiffs' *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. Plaintiff, Vicky Monroe-Ricks, brings this action on behalf of herself and her son, Ronald M. Monroe, who is in the custody of the District of Columbia Department of Corrections. *See* Compl. at 2, 8. She has filed suit against the Superior Court for the District of Columbia and the "United States Attorneys for the District of Columbia." *Id.* at 2.

Ms. Monroe-Ricks alleges that her son has been illegally held in custody awaiting adjudication without an opportunity to be heard. *See id*. at 2–3, 7–8. She further alleges that he was arrested and charged without sufficient evidence and based on "bad faith" warrants, and that defendants have procedurally confused several of the criminal proceedings filed against him, as well as the circumstances of his probation. *See id*. She demands that this court impose various sanctions against defendants, direct the Superior Court to take certain action, waive the fees and fines imposed against Mr. Monroe, and grant other unspecified "compensation." *See id*. at 8.

Preliminarily, Ms. Monroe-Ricks has filed a joint IFP application on behalf of herself and her son, and has combined both of their financial circumstances, which she may not do. As a

general rule, a *pro se* litigant can represent only himself or herself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *affd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004). This requirement includes the submission of separate and individually executed IFP applications. *See generally*, 28 U.S.C. §§ 1915, 1915A. While a custodial parent or legal guardian may, under specific circumstances, sue on behalf of their child as next friend, Mr. Monroe appears to be an adult. Moreover, while Ms. Monroe-Ricks passingly indicates that Mr. Monroe is "incapacitated," *see* Compl. at 9, this appears to be merely in reference to his incarceration; there is no indication that he is legally unable to file this suit on his own behalf and Ms. Monroe-Ricks has not otherwise established that she has the formal legal authority to file for him. *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990); *King v. District of Columbia*, 878 F. Supp. 2d 8, 12 (D.D.C. 2012) (citation omitted).

Without properly detailed IFP applications, individually executed and filed by each plaintiff, the court lacks the information necessary to assess plaintiffs' respective financial statuses at this juncture. This is of particular importance for an incarcerated plaintiff like Mr. Monroe, as additional information is required for prisoners to be considered for IFP status. *See Asemani v. U.S. Citizenship & Immig. Srvs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015). More specifically, federal law, effective April 9, 2006, requires a prisoner plaintiff in a civil action to pay a filing fee of $350.00. In order for the court to consider an application to proceed without prepayment of fees, a prisoner plaintiff must provide the court with a certified copy of his trust fund account statement (or institutional equivalent), including the supporting ledger sheets, for the six month period

immediately preceding the filing of this complaint, obtained from the appropriate official of each prison at which a plaintiff is or was confined.  28 U.S.C. § 1915(a)(2).  Only after submission of this information can the court determine a plaintiff's ability to proceed IFP.  If the court determines that a plaintiff does not have sufficient funds to pay the filing fee at one time, the court will assess an initial partial filing fee.  After payment of the initial partial filing fee, monthly payments of 20 percent of the deposits made to a plaintiff's trust fund account during the preceding month will be forwarded to the clerk of the court each time the account balance exceeds $10.00.  Payments will continue until the filing fee is paid.  *See id*.  It also allows the court the ability to assess whether a prisoner plaintiff is barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g).  Here, none of this mandatory financial information has been provided.

Even if Ms. Monroe-Ricks were proceeding solely for herself, the complaint falls short because she has failed to establish standing in this matter.  "[A] defect of standing is a defect in subject matter jurisdiction."  *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (noting that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III").  Federal courts only have subject matter jurisdiction if there is a "Case" or "Controvers[y]" to be decided, and in the absence of any actual or threatened injury, no such case or controversy exists.  *See* U.S. Const. Art. III, § 2.  The alleged "injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'"  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149–50 (2010)).  Article III judicial power exists only to redress or otherwise to protect against injury to the complaining party and a plaintiff generally must assert their own legal rights and interests and cannot rest their claim to relief on the legal rights or interests of third parties.

*Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 794–95 (D.C. Cir. 2010); *Singh v. Carter*, 185 F. Supp. 3d 11, 21 n. 4 (D.D.C. 2016).

Thus, the court will deny the joint IFP application and dismiss the complaint without prejudice. The court notes, however, that should either plaintiff decide to refile this litigation anew and in accordance with the parameters described above (or alternatively upon submission of the filing fee), there are yet additional deficiencies. First, "this Court cannot sanction conduct before a different tribunal pursuant to 28 U.S.C. § 1927." *LeFande v. Mische-Hodges*, No. 10-cv-1857, 2018 WL 6620129, at *12 (D.D.C. Dec. 10, 2018) (citing *Klein v. Weidner*, No. 08-398, 2017 WL 2834260, at *4 (E.D. Pa. June 30, 2017) (collecting cases from, among other courts, the 2d, 5th, and 9th Circuits)).

Second, these claims demonstrate other fundamental jurisdictional defects, and would likely be precluded by the mandates of *Heck v. Humphrey*, 512 U.S. 477 (1994), *Younger v. Harris*, 401 U.S. 37 (1971), and/or D.C. Code § 23-110. Similarly, federal district courts lack jurisdiction to review or interfere with judicial decisions by state and local District of Columbia courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

Third, the "Superior Court is an entity within the District of Columbia that cannot be sued in its own name," *Higgins v. FBI*, No. 14–cv–02092, 2014 WL 7156833, at *1 (citing *Kundrat v. District of Columbia*, 106 F. Supp. 2d 1, 4–8 (D.D.C. 2000)), and a court is immune suit for actions taken in the performance of its duties, *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Fourth, prosecutors are absolutely immune from civil suits based on their conduct in both initiating and pursuing a criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976).

Finally, the court notes that Ms. Monroe-Ricks has recently unsuccessfully filed several substantially similar cases in this court. *See, e.g.*, *Monroe-Ricks v. United States Attorneys for D.C.*, No. 21-cv-03061 (UNA) (dismissed Nov. 29, 2021); *Monroe-Ricks v. United States Attorneys for D.C.*, No. 21-cv-00828 (UNA) (dismissed Nov. 19, 2021); *Monroe-Ricks v. Dep't of Justice*, 21-cv-00829 (UNA) (dismissed May 3, 2021); *Monroe-Ricks v. United States Attorneys for D.C.*, 21-cv-00830 (UNA) (dismissed May 3, 2021); *Monroe-Ricks v. United States Attorneys for District of Columbia and CSOSA*, No. 21-cv-00831 (UNA) (dismissed Apr. 27, 2021); *Monroe-Ricks v. United States Attorneys for D.C.*, 21-cv-00832 (UNA) (dismissed Apr. 27, 2021); *Monroe-Ricks v. United States Attorneys for D.C.*, 21-cv-00833 (UNA) (dismissed Apr. 27, 2021); *Monroe-Ricks v. United States*, 21-cv-00825 (UNA) (dismissed Apr. 27, 2021); *Monroe-Ricks v. United States*, 17-cv-01259 (UNA) (dismissed July 19, 2017). In the instant matter, she has filed a motion to consolidate, ECF No. 3, her previous, current, and future "case filings." The motion is denied as both meritless and moot.

For all of these reasons, the IFP application, ECF No. 2, is denied and this matter is dismissed without prejudice. A separate order accompanies this memorandum opinion.

DATE: December 28, 2021                _____/s/_____
                                                                  CHRISTOPHER R. COOPER
                                                                  United States District Judge